IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

IVAN HARVEY,
    Petitioner,

vs.                                                Case No. 3:09cv43/LAC/EMT

WALTER A. McNEIL,
    Respondent.
_____/

**O R D E R**

    This matter is before the court on Petitioner's "Motion for Extension of Time to Respond to Respondent's Answer Response [sic] Until Further Order by the Court," "Auxillary [sic] Motion for Appointment of Counsel," "Motion for Order Providing Respondent Opportunity to Respond to Petitioner's Supplemented Petition for Writ of Habeas Corpus with Memorandum of Law," and "Notice of Filing Supplement to Petition for Habeas Corpus" (Docs. 24, 25, 26, 27).

    Initially, Petitioner's motion for appointment of counsel will be denied without prejudice. The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). This rule extends to post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990). As the court at this time does not view the case as exceptionally complex, Petitioner's motion will be denied. Appointment of counsel will be considered at a later time should the need for counsel become evident.

    In Petitioner's remaining documents, he seeks to amend his habeas petition by including additional argument in support of Ground Four of his original habeas petition (Doc. 27), and he requests an order directing Respondent to respond to the supplement and an order extending the

previously imposed deadline for Petitioner to file a reply to Respondent's response (Docs. 24, 26; *see also* Doc. 19). Initially, although Petitioner characterizes his request to amend as a request to supplement (*see* Doc. 27), his request is not properly characterized as a supplement. A supplemental pleading <u>sets out any transaction, occurrence, or event that happened after the date of the pleading to be supplement</u>. *See* Fed. R. Civ. P. 15(d). In the instant case, Petitioner's "supplement" does not set forth any transaction, occurrence, or event that happened after he filed his original habeas petition; rather, he simply includes additional argument that he did not include in his original petition (*see* Doc. 27). Therefore, Petitioner's request is properly characterized as a motion to amend, not a motion to supplement.

Additionally, Petitioner's assertion that he filed his amended petition prior to Respondent's filing an answer to the original petition, therefore, he is entitled to amend his petition as a matter of right, is not well taken. Although Petitioner attempted to amend his petition prior to Respondent's filing an answer, Petitioner's purported amendment, titled "Notice of Filing Supplement to Petition for Habeas Corpus," was returned to him without electronic filing because the document did not comply with Rule 15(a) of the Federal Rules of Civil Procedure or Rule 15.1 of the Local Rules of the Northern District of Florida (*see* Doc. 22). Even if Petitioner was entitled to amend his petition as a matter of right at that time, his purported amendment was deficient under Local Rule 15.1, which provides, "when any amendment is submitted as a matter of course under Fed. R. Civ. P. 15(a), <u>the amended pleading shall be filed in its entirety</u> with all of the amendments incorporated therein." N.D. Fla. Loc. R. 15.1 (emphasis added). Petitioner did not file an amended petition in its entirety, rather, he filed a "Notice of Filing" including only the argument he wished to add to his petition. Therefore, the "Notice of Filing Supplement to Petition for Habeas Corpus" was properly returned to him as deficient.

This leads to Petitioner's instant "Notice of Filing Supplement to Petition for Habeas Corpus," which the court construes as a motion to amend his habeas petition (Doc. 27). The motion

was filed, pursuant to the "mailbox rule," on August 16, 2009,[1] which was after Respondent's responsive pleading was served (*see* Doc. 17). Therefore, Petitioner may amend his petition only with Respondent's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). However, before a motion to amend may be considered, it must be filed in compliance with the Local Rules. Rule 15.1 of the Local Rules provides that when a motion to amend a pleading is filed, the motion <u>and the proposed amended pleading shall each be filed and docketed separately</u>, and the proposed amended pleading shall not take effect unless and until the motion to amend in granted. N.D. Fla. Loc. R. 15.1. In the instant case, Petitioner did not file a separate proposed amended petition.[2] Therefore, his motion to amend will be denied without prejudice to his refiling his motion with a separate proposed amended habeas petition set forth on the court-approved form.

In light of the court's denial of Petitioner's motion to amend, the court will also deny Petitioner's "Motion for Order Providing Respondent Opportunity to Respond to Petitioner's Supplemented Petition for Writ of Habeas Corpus with Memorandum of Law" (Doc. 26). If Petitioner is permitted to amend his petition, the court will issue an order directing Respondent to respond to the amended petition.

Accordingly, it is **ORDERED**:

1. Petitioner's motion for appointment of counsel (Doc. 25) is **DENIED without prejudice**.

---

[1] Petitioner's "Motion for Extension of Time to Respond to Respondent's Answer Response [sic] Until Further Order by the Court," "Auxillary [sic] Motion for Appointment of Counsel," "Motion for Order Providing Respondent Opportunity to Respond to Petitioner's Supplemented Petition for Writ of Habeas Corpus with Memorandum of Law," and "Notice of Filing Supplement to Petition for Habeas Corpus" (Docs. 24, 25, 26, 27) were received by the court in the same envelope. Two of the documents include a stamp, initialed by Petitioner, stating, "Provided to Santa Rosa C.I. Aug. 16, 2009 for Mailing" (*see* Docs. 24, 26). The other two documents do not indicate the date they were provided to prison officials for mailing (*see* Docs. 25, 27). Because all of the documents were received in the same envelope, and two of those documents state the date they were provided to prison officials for mailing, the court concludes that all of the documents were filed on August 16, 2009, pursuant to the "mailbox rule."

[2] The court will not consider Petitioner's "Notice of Filing Supplement to Petition for Habeas Corpus" (Doc. 27) as an amended petition. If the court were to consider the filing as an amended petition, Petitioner would be deemed to have abandoned all claims raised in his original petition that were not included in the amended petition, which the court assumes Petitioner did not intend to do. *See* N.D. Fla. Loc. R. 15.1 ("Matters not set forth in the amended pleading are deemed to have been abandoned."). Additionally, the purported amended petition is not on the court form; therefore, Local Rule 5.1 (J)(2) prohibits the court from considering it.

2.	Petitioner's "Notice of Filing Supplement to Petition for Habeas Corpus" (Doc. 27), construed as a motion to amend, is **DENIED without prejudice**.  If Petitioner wishes to amend his petition, he shall file a motion to amend and a separate proposed amended petition on the court-approved petition form within **THIRTY (30) DAYS** from the date of docketing of this order.

3.	Petitioner's "Motion for Extension of Time to Respond to Respondent's Answer Response [sic] Until Further Order by the Court" (Doc. 24) is **GRANTED** to the extent that if Petitioner chooses not to amend his habeas petition, his reply to Respondent's answer is due **THIRTY (30) DAYS** from the date of docketing of this order.

4.	Petitioner's "Motion for Order Providing Respondent Opportunity to Respond to Petitioner's Supplemented Petition for Writ of Habeas Corpus with Memorandum of Law" (Doc. 26) is **DENIED**.

5.	The clerk shall send Petitioner a petition form for use in cases filed under 28 U.S.C. § 2254.  This case number shall be written on the form.

**DONE AND ORDERED** this 21st day of August 2009.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**